UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----

TIMBISHA SHOSHONE TRIBE, et al.,     No. 2:09-cv-00246-MCE-DAD

     Plaintiffs,

  v.                            <u>MEMORANDUM AND ORDER</u>

KEN SALAZAR, et al.,

     Defendants.

----oo0oo----

Presently before the Court is Plaintiffs' Ex Parte Application for Temporary Restraining Order. Certain prerequisites must be satisfied prior to issuance of a temporary restraining order.[1] In order to warrant issuance of such relief, Plaintiffs must demonstrate either: 1) a combination of probable success on the merits and a likelihood of irreparable injury; or 2) that serious questions are raised and the balance of hardships tips sharply in favor of granting the requested injunction.

---

[1] See <u>Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers</u>, 415 U.S. 423, 439 (1974) (stating that the purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer").

1

Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc., 240 F.3d 832, 839-40 (9th Cir. 2001); Winter v. Natural Resources Defense Council, 129 S. Ct. 365, 375 (2008) (likelihood rather than possibility of success on the merits required for issuance of preliminary injunctive relief). These two alternatives represent two points on a sliding scale, pursuant to which the required degree of irreparable harm increases or decreases in inverse correlation to the probability of success on the merits. Roe v. Anderson, 134 F.3d 1400, 1402 (9th Cir. 1998); United States v. Nutri-cology, Inc., 982 F.2d 394, 397 (9th Cir. 1992).

No matter which test is used, however, Plaintiff must first demonstrate a significant threat of irreparable injury in order to obtain preliminary injunctive relief. Simula, Inc. v. Autoliv, Inc., 175 F.3d 716, 725 (9th Cir. 1999). That threat must be imminent (Caribbean Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988)); a risk of irreparable harm in the indefinite future is not enough. Midgett v. Tri-County Metro. Transp. Dist. of Oregon, 254 F.3d 846, 850-51 (9th Cir. 2001).

The Court has reviewed Plaintiffs' Ex Parte Application for Temporary Restraining Order. Plaintiffs have failed to show the irreparable harm necessary to warrant equitable relief. Moreover, adequate remedies exist at law. Thus, Plaintiffs' Ex Parte Application for Temporary Restraining Order is DENIED. Hearing on Plaintiffs' Motion for Preliminary Injunction is hereby scheduled for **Friday, February 20, 2009, at 9:00 a.m.**
///
///

1 | The briefing schedule already prescribed shall remain in effect
2 | such that any opposition or statement of non-opposition shall be
3 | filed no later than **February 6, 2009, at 5:00 p.m.,** and any reply
4 | shall be filed no later than **February 11, 2009, at 5:00 p.m.**
5 |     IT IS SO ORDERED.
6 |
7 | Dated: February 5, 2009
8 |                                        _____
9 |                                        MORRISON C. ENGLAND, JR.
                                           UNITED STATES DISTRICT JUDGE