UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

TIMBISHA SHOSHONE TRIBE, et al.,    No. 2:09-cv-00246-MCE-DAD

      Plaintiffs,

  v.    MEMORANDUM AND ORDER

KEN SALAZAR, et al.,

      Defendants.

----oo0oo----

This case comes before the Court because various factions of the Timbisha Shoshone Tribe dispute the proper composition of the leadership of the Tribal Council. Presently before the Court are two unopposed Motions to Dismiss, alleging the Court lacks subject matter over Plaintiffs' claims on, *inter alia*, mootness grounds. For the following reasons, both Motions are granted and this case is dismissed.[1]

///

---

[1] Because oral argument will not be of material assistance, the Court ordered this matter submitted on the briefing. E.D. Cal. Local Rule 78-230(h).

1

**STANDARD**

In moving to dismiss for lack of subject matter jurisdiction pursuant to Rule 12 (b)(1), the challenging party may either make a "facial attack" on the allegations of jurisdiction contained in the complaint or can instead take issue with subject matter jurisdiction on a factual basis ("factual attack"). Thornhill Publishing Co. v. General Tel. & Elect. Corp., 594 F.2d 730, 733 (9th Cir. 1979); Mortensen v. First Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). If the motion constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true. Williamson v. Tucker, 645 F.2d 404, 412 (5th Cir. 1981); Mortensen, 549 F.2d at 891. If, as here, the motion constitutes a factual attack, however, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Thornhill, 594 F.2d at 733 (quoting Mortensen, 549 F.2d at 891).

If the Court grants a motion to dismiss a complaint, it must then decide whether to grant leave to amend. Generally, leave to amend should be denied only if it is clear that the deficiencies of the complaint cannot be cured by amendment. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980).

///
///
///
///

**ANALYSIS**

"It is an inexorable command of the United States Constitution that the federal courts confine themselves to deciding actual cases and controversies...Article III [of the United States Constitution] requires that a live controversy persist throughout all stages of the litigation." Gator.com Corp. v. L.L. Bean, Inc., 398 F.3d 1125, 1128-1129 (9th Cir. 2005) (internal citations omitted). No such controversy remains in this case.

The United States Department of the Interior, the Bureau of Indian Affairs, and the various named federal officials (collectively "Federal Defendants") argue that Plaintiffs' First Amended Complaint ("FAC") must be dismissed as moot. In that FAC, Plaintiffs request that this Court order the Federal Defendants to decide an appeal then-pending before the Regional Director of the Bureau of Indian Affairs and to "order the Department [of the Interior and its officials] to immediately decide and inform the Court, consistent with the actions of the General Council meeting of September 20, 2008 and the California Regional Director, Dale Morris' letter dated December 4, 2009, who the Department recognizes as the Tribal council of the Timbisha Shoshone Tribe." FAC, 30:7-10. On February 17, 2009, in a letter addressed to counsel for Ed Beaman, Virginia Beck, and Cleveland Casey, the Regional Director decided that appeal and identified the council currently recognized by the United States Government. Accordingly, the Regional Director's decision renders the current case moot as to the Federal Defendants.

1   Likewise, the California Gambling Control Commission
2  ("CGCC") and its various joined commissioners seek dismissal of
3  the sixth cause of action, through which Plaintiffs ask the Court
4  to enjoin the distribution of funds to the Tribe pending the
5  resolution of Plaintiffs' Motion for Preliminary Injunction, as
6  moot.  Since the filing of the FAC, the Court denied Plaintiffs'
7  request for injunctive relief and the CGCC distributed to
8  relevant funds.  Accordingly, Plaintiffs' sixth cause of action
9  is moot as well.

Because there is no longer a live controversy between the parties, this Court lacks jurisdiction to render a determination on any of Plaintiffs' claims.  Thus, both Motions to Dismiss (filed as Docket Nos. 45, 48 and 50) are DENIED and the case is dismissed for lack of jurisdiction.  The Clerk of the Court is directed to close the file.

IT IS SO ORDERED.

Dated: April 28, 2009

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE